**Exhibit H**

8-K 1 form8-k.htm

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# FORM 8-K

### CURRENT REPORT
**Pursuant to Section 13 or 15(d)**
**of the Securities Exchange Act of 1934**

**Date of report (Date of earliest event reported): June 25, 2021**

# FUBOTV INC.
**(Exact name of registrant as specified in its charter)**

| Florida | 001-39590 | 26-4330545 |
|---|---|---|
| (State or other jurisdiction | (Commission | (I.R.S. Employer |
| of incorporation) | File Number) | Identification Number) |

**1330 Avenue of the Americas**
**New York, NY 10019**
**(Address of principal executive offices) (Zip Code)**

**(212) 672-0055**
**(Registrant's telephone number, including area code)**

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[ ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

[ ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbols | Name of each exchange on which registered |
|---|---|---|
| Common Stock,par value $0.0001 per share | FUBO | New York Stock Exchange |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company [ ]

Case 1:21-cv-01412-ALC Document 35-8 Filed 09/16/21 Page 3 of 7

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. [  ]

**Item 8.01 Other Events.**

On June 25, 2021, the United States District Court for the Southern District of New York (the "Court") issued an order that a shareholder derivative action filed on behalf of fuboTV Inc. (the "Company") and captioned *Robert Rosenfeld v. Edgar Bronfman, et. al.* will be voluntarily dismissed with prejudice on July 28, 2021.

As detailed in the notice to shareholders attached hereto as Exhibit 99.1 (the "Notice to Shareholders"), on March 5, 2021, plaintiff Robert Rosenfeld ("Plaintiff") filed a verified shareholder derivative complaint on behalf of fuboTV (as amended, the "Derivative Action") alleging (i) violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5; (ii) breaches of fiduciary duties of loyalty and good faith; and (iii) waste of corporate assets. On April 21, 2021, individual defendants Edgar Bronfman Jr., Henry Ahn, Ignacio Figueras, Daniel Leff, Laura Onopchenko, David Gandler, Pär-Jörgen Pärson, and Simone Nardi (the "Individual Defendants") and nominal defendant fuboTV Inc. (together with the Individual Defendants, the "Defendants") filed a motion to dismiss the Derivative Action, arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; and (iii) pursuant to Rule 12(b)(1) as unripe. Following further proceedings, After thoroughly considering Defendants' arguments in their motion to dismiss the Derivative Action, Plaintiff concluded that Defendants' arguments are well founded and asked the Court to voluntarily dismiss the derivative action with prejudice. On June 25, 2021, the Court issued an order that the Derivative Action will be dismissed with prejudice on July 28, 2021. There has been no admission of wrongdoing or liability by Individual Defendants. No consideration is being paid by either the Plaintiff or the Defendants.

The foregoing description of the Derivative Action does not purport to be complete and is qualified in its entirety by reference to the Notice to Shareholders attached hereto as Exhibit 99.1.

**Item 9.01. Financial Statements and Exhibits.**

(d) Exhibits

| Exhibit No. | Description |
| --- | --- |
| 99.1 | Notice to Shareholders, dated June 28, 2021 |

https://www.sec.gov/Archives/edgar/data/0001484769/000149315221015373/form8-k.htm

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

FUBOTV INC.

Date: June 28, 2021                                    By:*/s/ David Gandler*

David Gandler
Chief Executive Officer

EX-99.1 2 ex99-1.htm

**Exhibit 99.1**

## NOTICE TO SHAREHOLDERS

This Notice, which has been authorized by the United States District Court for the Southern District of New York, relates to the dismissal of a derivative action captioned *Robert Rosenfeld v. Edgar Bronfman, et. al.*, Case No. 1:21-cv-01953 (JSR) (OTW) (S.D.N.Y.) (the "Derivative Action"). It is being provided to you as a current shareholder in fuboTV Inc. ("fuboTV") by counsel for Plaintiff Robert Rosenfeld ("Plaintiff"), Defendants Edgar Bronfman Jr., Henry Ahn, Ignacio Figueras, Daniel Leff, Laura Onopchenko, David Gandler, Pär-Jörgen Pärson, and Simone Nardi ("Individual Defendants"), and Nominal Defendant fuboTV Inc. (collectively, with the Plaintiff and Individual Defendants, the "Parties").

Plaintiff in the Derivative Action is a shareholder in fuboTV. On March 5, 2021, Plaintiff initiated the Derivative Action derivatively on behalf of fuboTV.

In the Derivative Action, Plaintiff filed the Verified Shareholder Derivative Complaint alleging that (i) Defendants Gandler, Bronfman, and Nardi allegedly violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures; (ii) that the Individual Defendants allegedly breached their fiduciary duties of loyalty and good faith by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and by allegedly failing to ensure that adequate internal controls were in place to prevent the alleged deficiencies described in the Original Complaint; and (iii) that the Individual Defendants allegedly wasted corporate assets by, inter alia: (a) allegedly paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) allegedly awarding self-interested stock options to certain officers and directors; and (c) allegedly incurring potentially millions of dollars of legal liability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions. On April 21, 2021, Defendants filed their Motion to Dismiss the Verified Shareholder Derivative Complaint, arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; and (iii) pursuant to Rule 12(b)(1) as unripe.

In light of the arguments made in Defendants' Motion to Dismiss, on May 12, 2021, Plaintiff filed an Amended Verified Shareholder Derivative Complaint, which dropped the Exchange Act claim and alleged (i) that the Individual Defendants allegedly breached their fiduciary duties of loyalty and good faith by allowing or permitting allegedly false and misleading statements to be disseminated in the Company's SEC filings and other disclosures and by allegedly failing to ensure that adequate internal controls were in place to prevent the alleged deficiencies described in the Amended Complaint and (ii) that the Individual Defendants allegedly wasted corporate assets by, inter alia: (a) allegedly paying excessive compensation, bonuses, and termination payments to certain of its executive officers; (b) allegedly awarding self-interested stock options to certain officers and directors; and (c) allegedly incurring potentially millions of dollars of legal lability and/or legal costs to defend and/or settle actions addressing Defendants' unlawful actions. On June 2, 2021, Defendants filed a Motion to Dismiss the Amended Verified Shareholder Derivative Complaint, arguing that Plaintiff's claims should be dismissed: (i) pursuant to Rule 23.1 for failure to plead demand futility; (ii) pursuant to Rule 12(b)(6) for failure to state a claim; (iii) pursuant to Rule 12(b)(1) as unripe; and (iv) for failure to plead a claim against Defendant Nardi.

After thoroughly considering Defendants' arguments in their Motion to Dismiss the Amended Verified Shareholder Derivative Complaint, Plaintiff concluded that Defendants' arguments are well founded and asked the Court to voluntarily dismiss his Derivative Action with prejudice. The Derivative Action will be dismissed with prejudice on July 28, 2021. There has been no admission of wrongdoing or liability by Individual Defendants. No consideration is being paid by either party.

This Notice is given to inform you of the discontinuance of an action that may have benefitted you derivatively and that Plaintiff will dismiss his claims with prejudice. The Parties and their counsel will not be providing you with any recommendations or legal advice about the effect this dismissal will have on you.

You may wish to contact a lawyer to understand your rights.

**PLEASE DO NOT CONTACT THE PARTIES, THEIR COUNSEL OR
THE COURT FOR ADVICE CONCERNING THE ACTION**