**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FUBOTV INC. SECURITIES LITIGATION | Case No. 1:21-CV-01412 (ALC) (JLC)<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION <u>COMPLAINT PURSUANT TO RULE 12(b)(6)</u>**

**INTRODUCTION**

Lead Plaintiff, Nordine Aamchoune ("Plaintiff") respectfully submits this Memorandum of Law in Opposition to Request for Judicial Notice in Support of Defendants' Motion to Dismiss Amended Class Action Complaint Pursuant to Rule 12(b)(6) filed by defendants FuboTV Inc. ("Fubo" or the "Company"), David Gandler, Edgar M. Bronfman, Jr., Simone Nardi ("Individual Defendants," and collectively with Fubo, the "Defendants").  *See* ECF No. 34-1.

On a motion to dismiss, Defendants are limited to the facts alleged in the Complaint, with limited exceptions. Despite this well-established rule, Defendants request that the Court take judicial notice of documents for facts far beyond those allowable at this stage, including documents that are not referenced by the Complaint, and for purposes beyond those permitted by the Federal Rules of Evidence. Defendants attempt to present Exhibits D, F, and N (ECF Nos. 35-4, 35-6 and 35-14) — two analyst reports and a non-party website — to improperly provide factual support for their defenses and to factually counter the Complaint's well-pled allegations. Because these facts are not appropriately considered by the Court in connection with a motion to dismiss, the Court should deny Defendants' request to judicially notice Exhibits D, F, and N.

**ARGUMENT**

### A.  Legal Standard

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).  It is well established law in the Second Circuit that, on a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *See, e.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Specifically, a motion to dismiss may only draw on the complaint's

allegations, documents the complaint attaches or incorporates by reference, or documents "upon which the complaint solely relies and which [are] integral to the complaint." *Id.* The court may also consider "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013). Outside of these categories, it is generally not appropriate to consider information or documents extrinsic to the complaint. *Id.* If such consideration is given to such extrinsic documents, the court must convert the motion to one for summary judgment under Rule 56, entitling Plaintiffs to discovery. Fed. R. Civ. P. 12(d). Further, a court may consider such documents "only to determine what the documents stated, and not to prove the truth of their contents." *Roth*, 489 F.3d at 509.

Recently, the Ninth Circuit Court of Appeals called attention to "a concerning pattern" in securities cases, whereby defendants "exploit[] [the procedures of incorporation-by-reference and judicial notice] to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit held that the district court had abused its discretion by improperly taking judicial notice of certain facts and misapplying the doctrine of incorporation by reference. The court continued:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

*Id.*

Here, Defendants' reliance on extrinsic exhibits is precisely the type of improper use of judicial notice and incorporation by reference highlighted by the Ninth Circuit in *Khoja.* As such, this Court should reject Defendants' request for judicial notice of Exhibits D, F, and N and not consider them in evaluating Defendants' Motion to Dismiss.

Exhibits D, F, and N are not a part of Plaintiff's Amended Complaint, nor were they cited or referenced in the Plaintiff's Amended Complaint ("AC") and are thus beyond the scope of the pleadings. The "controlling standard is not whether it would be 'incongruous' not to consider similar types of documents as those cited in the Complaint that stand for opposite propositions." *In Bd. of Trustees of City of Ft. Lauderdale Gen. Employees' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 865 (S.D.N.Y. 2011), *aff'd sub nom.*, *Frederick v. Mechel OAO*, 475 F. App'x 353 (2d Cir. 2012). "Instead, the Court must consider whether Plaintiffs have relied on any of these exhibits in drafting the Complaint." *Id.* Here, Plaintiff did not rely on any content of Exhibits D, F, and N to be properly considered as part of the Court's consideration of Defendants' motion to dismiss. Additionally, Exhibits D, F and N should not be judicially noticed for the independent reasons as set forth below.

**B. Defendants Improperly Rely on Exhibits D and F to Factually Support Their Contentions and Assert Affirmative Defenses**

Defendants ask the Court to take judicial notice of two analyst reports: (i) Exhibit D, the Wedbush Securities report entitled "*fuboTV (FUBO) Initiating with OP, $40 PT, 'Sports-First' Positions Co to Capture Cord-Cutters,*" dated December 15, 2020 (the "Wedbush Securities report"); and (ii) Exhibit F, the Needham report entitled, "*Raising FUBO's PT on 2021 Upside Drivers,*" dated December 22, 2020 (the "Needham report") neither of which is referenced in the AC. Defendants do so in order to substantiate their argument that — directly contrary to Plaintiff's allegations — securities analysts differed in their outlook on Fubo's business model, and

3

profitability, and therefore, the *Kerrisdale* and *Lightshed* Reports on which Plaintiff relies should be disregarded as mere analyst opinions, and not credited as corrective disclosures. *See* Def. Br. at 3, 10, 23-24.

As an initial matter, the facts in these articles do not and cannot satisfy the applicable Federal Rules of Evidence standard. Courts in the Second Circuit will only consider articles at the motion to dismiss stage only for the "fact of their publication," not for the truth of the matters reported on. *Kinross Gold Corp.,* 957 F. Supp. 2d at 289. But Defendants cite to these articles for precisely that – the truth of the matters reported. *See* Def. Br. at 3 (citing Ex. D to support Defendants' argument that certain analysts set Fubo's price targets at $40); 4 (citing to Ex. F to support Defendants' argument that certain analysts increased Fubo's price target and anticipated "strong upside momentum"); 10 (citing Ex. D to argue that "positive predictions about fuboTV" were published by certain analysts and therefore "competing views about a company do not amount to securities fraud"); 23-24 (arguing that "the tug of war between the bears and the bulls" defeats Plaintiff's loss causation allegations). Because Defendants seek judicial notice of facts for the very truth of the matters reported — *i.e.*, positive opinions about Fubo's business model, subscription levels, advertising revenue, profitability, and sports betting market entry —the Court should decline to judicially notice them. *See Kinross Gold Corp.*, 957 F. Supp. 2d at 288 (inappropriate for court to take judicial notice of purported fact "that there were industry-wide increase in costs in the mining industry, and that these cost increases caused numerous mining companies to delay large development projects in or around 2011," because it is not a fact "generally known" within the court's jurisdiction).

Moreover, it is improper on a motion to dismiss to attempt to introduce facts beyond the complaint to seek to establish defenses to Plaintiff's allegations, as Defendants attempt to do here.

4

More specifically, Defendants seek to defeat Plaintiff's loss causation allegations by arguing that it was the "tug of war between the bears and the bulls, which drove the stock price quickly up and quickly down" and not the truth that was introduced to the market by the *Kerrisdale* and *Lightshed* Reports.  *See* Def. Br. at 23-24. By so arguing, Defendants point to Exhibits D and F as evidence that positive news published about the Company caused the price of Fubo's shares to fluctuate with the release of the analyst reports. Courts routinely reject such attempts by Defendants to raise defenses by introducing new factual matters that are outside of Plaintiff's complaint.  *See Levine v. AtriCure, Inc.,* 594 F. Supp. 2d 471, 476 (S.D.N.Y. 2009)[1] (holding that defendants' attempted introduction of Wall Street Journal article was improper to show negative causation on motion to dismiss); *see also In re Giant Interactive Grp., Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 573 (S.D.N.Y. 2009) (denying defendants' request for judicial notice of facts in report supporting negative causation defense because facts outside the complaint should not be considered at the motion to dismiss stage); *see also In re Turbodyne Techs., Inc. Sec. Litig.*, No. 99-00697, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000) (rejecting to judicially notice analyst report that was outside the complaint despite the fact that plaintiffs otherwise relied on three other analyst reports).

### C. Defendants Improperly Introduce Exhibit N to Raise a Factual Issue and to Rebut Plaintiff's Allegations

Defendants also request judicial notice of Exhibit N, which is not referenced in the AC for the purpose of contradicting the AC's well-pled allegations. However, Exhibit N does not fall within the parameters of Rule 201 and is not appropriate for judicial notice.  Instead, Exhibit N appears to be a website of unknown origin featuring business entity called Y Combinator, which purports to provide basic information about Balto Sports and other companies.[2] The Y Combinator

---

[1] Unless otherwise stated, all internal citations are omitted and all emphasis is added.
[2] The website is located at the following URL: https://www.ycombinator.com/companies/balto.

5

Website is a non-party website whose affiliation with Balto or Fubo is entirely unknown and undisclosed. *See Cf. Abraham v. Town of Huntington*, No. 17-03616, 2018 WL 2304779, at *5 (E.D.N.Y. May 21, 2018) (declining to consider, on a motion to dismiss, an article from a website of a non-party). Moreover, the "Y Combinator" website appears to be a directory of startup companies, which includes short blurbs on small business entities, including Balto Sports. The Y Combinator website includes a one-paragraph description of Balto Sports and a provides a non-functional hyperlink to Balto Sports' non-existent website.

Moreover, Defendants improperly seek to use Exhibit N to counter Plaintiff's allegations that Balto Sports had 3 employees, arguing instead, Balto had 5 employees and that the information about Balto was "publicly known" in the market (and reflected in Fubo's stock price), and therefore "cannot form the basis of a securities fraud claim." *See* ECF No. 34, Def. Br. at 15. However, as with the analyst reports discussed above, Defendants' attempt to establish there was "truth on the market" is an intensive, fact-specific that is rarely appropriate for resolution on a motion to dismiss. *Ganino v. Citizens' Utility Co.,* 228 F.3d 154, 167 (2d Cir. 2000)*; Lapin v. Goldman Sachs Group, Inc.*, 506 F.Supp.2d 221, 238 (S.D.N.Y. 2006) (same) The Court should therefore decline to judicially notice Defendants' Exhibit N.  *Kinross Gold Corp.*, 957 F. Supp. 2d at 289 (articles will not be considered for the truth of the matters reported on); *Moukengeschaie v. Eltman, Eltman & Cooper*, P.C., No. 14-7539, 2016 WL 1274541, at *13 (E.D.N.Y. Mar. 31, 2016) (rejecting to take judicial notice of facts posted on a website, which Plaintiff disputed); *Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the transcript establishes.").

## **CONCLUSION**

For the aforementioned reasons, Defendants' request for judicial notice as to Exhibits D, F and N should be denied.

Dated: November 9, 2021

**LOWEY DANNENBERG, P.C.**

*/s/Andrea Farah*
Andrea Farah
David C. Harrison
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Email: afarah@lowey.com
       dharrison@lowey.com

Anthony M. Christina (*pro hac vice*)
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Email: achristina@lowey.com

*Counsel for Lead Plaintiff Nordine Aamchoune and the Class*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*