**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE FUBOTV INC. SECURITIES LITIGATION | Case No. 1:21-cv-01412 (ALC) (JLC)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**INTRODUCTION**

Plaintiff does not challenge Defendants' Request for Judicial Notice ("RJN") as to Exhibits A-C, E, G-M, and O, nor does he disagree with Defendants that Exhibits A-C, I-M, and O all are incorporated by reference. His silence concedes that these Exhibits are properly subject to judicial notice and/or incorporated by reference. *See In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (arguments not addressed in opposition brief are conceded). In his Opposition ("RJN Opp."), Plaintiff challenges only Defendants' request for judicial notice of Exhibits D, F, and N—two analyst reports publishing a positive outlook on fuboTV's business and a public webpage disclosing Balto's small size.

But Plaintiff challenges arguments Defendants did not make: Defendants are not arguing that these Exhibits are incorporated by reference, RJN Opp. at 3, that these Exhibits "provide factual support for their defenses and … factually counter" any of the AC's allegations, *id.* at 1, or that the Court should consider these Exhibits "for the truth of their contents," *id.* at 2-4, 6. To the contrary, as Defendants explicitly explained in requesting judicial notice, rather than seeking to incorporate these documents by reference: "Defendants do not ask the Court to consider the contents of Exhibits D and F as true, but rather to take judicial notice of the fact that the analyst coverage of fuboTV included a positive outlook, with at least some analysts increasing their price target, at the same time that short sellers issued reports on which Plaintiff relies that had a negative outlook." RJN at 5. "Similarly, Defendants do not ask the Court to consider the contents of Exhibit N as true, but rather to take judicial notice of the fact that a publicly available website disclosed the small size of Balto Sports." *Id.* Plaintiff fails to provide any reason the Court should not judicially notice these Exhibits for these purposes.

2

## ARGUMENT

A Court may "take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information without regard to the truth of their contents." RJN at 4-5 (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (emphasis in original)). And that is all that Defendants ask for here, as Defendants explained in their RJN. RJN at 5; *infra* at 4. Plaintiff avoids this reality by arguing that Defendants' reliance on these three Exhibits "is precisely the type of improper use of judicial notice and incorporation by reference highlighted by the Ninth Circuit in *Khoja*." RJN Opp. at 3. But Defendants did not argue that these Exhibits were incorporated by reference. *See* RJN at 3 (Exhibits A-C, I-M, and O are incorporated by reference in the AC). And *Khoja* rejected taking judicial notice of facts only where the facts were subject to reasonable dispute—in other words, the Ninth Circuit, like the Second Circuit, applies Rule 201, which authorizes the Court to judicially notice a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1). Plaintiff does not even argue that the facts are subject to reasonable dispute. Specifically, Plaintiff does not dispute that, as Defendants explained in their Motion to Dismiss ( "Mot.") at 3-4, Exhibit D is a December 15, 2020 Wedbush analyst report that published a positive outlook for fuboTV, initiating coverage with a price target of $40 for the stock, and Exhibit F is a December 22, 2020 Needham analyst report that boosted its price target to $60, citing its positive opinion that fuboTV had "strong upside momentum" going into the following year "owing to," *inter alia*, fuboTV "taking share from competitors" and "upside from sports betting." Nor does Plaintiff dispute that Exhibit N is a publicly available website stating that Balto Sports was a small business. Rather, Plaintiff claims Defendants are

3

relying on these facts "for the very truth of the matters reported." RJN Opp. at 4, 6. Plaintiff is demonstrably wrong, as Defendants made clear in their Request for Judicial Notice. RJN at 5.

As to Exhibits D and F, Plaintiff argues that Defendants seek judicial notice of the "truth of the matters reported" in the analyst reports, "*i.e.*, positive opinions about Fubo's business model, subscription levels, advertising revenue, profitability, and sports betting market entry." RJN Opp. at 4. But Defendants do not cite these Exhibits to prove any of the positive opinions contained therein were true. For instance, fuboTV does not cite Exhibit D to prove that fuboTV will "continue to entice payTV subscribers to cut the cord and join its vMVPD platform," George Decl. Ex. D at 1, or Exhibit F to prove that "FUBO will continue to have strong upside momentum" going into the following year or that fuboTV was "taking share from competitors" and had "upside from sports betting." *Id.* Ex. F at 1. Rather, Defendants cite these Exhibits solely for the fact of the publication of positive analyst coverage *prior to* the publication of the short-seller reports on which Plaintiff relies—reports which, contrary to the Wedbush and Needham analyst reports, had a negative outlook on fuboTV's business and future prospects. Mot. at 3-4, 10; RJN at 5. The fact of the publication of positive analyst coverage is properly subject to judicial notice. *Staehr*, 547 F.3d at 424-25 (court did not abuse its discretion when it took judicial notice of media reports that "were offered to show that certain things were said in the press").

Nor are Defendants relying on these Exhibits for any loss causation argument. To be sure, Defendants noted that bullish and bearish analysts engaged in a tug of war, pushing the stock price up (*i.e.*, the Wedbush and Needham reports) and then down (*i.e.*, Plaintiff's short seller reports). But Defendants need not rely on the Wedbush and Needham reports for those facts. To the contrary, Plaintiff does not dispute that fuboTV's stock price is judicially noticeable. *See* Mot. at 4 n.3; George Decl. Ex. E. And *Plaintiff's own short-seller reports*—which post-date the Wedbush

and Needham reports—establish not only the up and down of the stock price, but also the fact that "securities analysts differed in their outlook on Fubo's business model, and profitability." RJN Opp. at 3-4; *see* George Decl. Ex. I at 1 (discussing fuboTV's "recent retracement from truly nosebleed levels"), at 7 (discussing (and countering) the "bulls" positive outlook on fuboTV); *id.* Ex. J at 1 (criticizing "the run-up in Fubo shares"), at 3 (discussing (and countering) "the bull story" on fuboTV's revenue outlook). Plaintiff has conceded (by not opposing) that those short-seller reports—Exhibits I and J—are incorporated by reference. And contrary to Plaintiff's unsupported assertion, there is no allegation in the AC inconsistent with the fact that there was a tug of war among various analysts, including Plaintiff's short sellers.

With respect to Exhibit N, Plaintiff contends the Court cannot take judicial notice because it "is a non-party website whose affiliation with Balto or Fubo is entirely unknown and undisclosed." RJN Opp. at 5-6. But "[g]enerally, courts may take judicial notice of publicly available information, including from a website." *Jeanty v. UPS United Parcel Serv. Freight*, 2021 WL 5054439, at *1 n.1 (S.D.N.Y. Nov. 1, 2021) (allowing judicial notice of a non-party website). Nor as Plaintiff claims, RJN Opp. at 6, do Defendants rely on Exhibit N to dispute the precise number of Balto employees alleged in the AC.[1] The AC alleges that the small size of Balto Sports was unknown to the market until the *Kerrisdale Report*. AC ¶ 100. Irrespective of whether Balto had 3 or 5 employees, it is indisputable[2] that there was a publicly available webpage in the

---

[1] Neither *Ganino v. Citizens' Utility Co.*, 228 F.3d 154, 167 (2d Cir. 2000) nor *Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221, 238 (S.D.N.Y. 2006) involved requests for judicial notice and are thus inapplicable here.

[2] Plaintiff does not dispute that Balto Sports was a small company—indeed, that is the crux of his allegation. AC ¶ 100. For this reason, Plaintiff's cases involving disputes as to the facts contained in articles and transcripts are inapplicable. *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-7539, 2016 WL 1274541, at *13 (E.D.N.Y. Mar. 31, 2016); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 1000 (9th Cir. 2018).

market that stated that Balto Sports was a small operation long before the *Kerrisdale Report* negative analyst opinion.  Mot. at 15 & n.7.

## CONCLUSION

The Court should grant Defendants' Request for Judicial Notice.


Dated: December 9, 2021                              Respectfully Submitted,
      New York, NY

**LATHAM & WATKINS LLP**

/s/ Andrew B. Clubok
Andrew B. Clubok
Susan E. Engel
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: andrew.clubok@lw.com
      susan.engel@lw.com

Nicholas J. Siciliano (*pro hac vice*)
Kathryn K. George (*pro hac vice*)
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: nicholas.siciliano@lw.com
      kathryn.george@lw.com

*Attorneys for Defendants*