**Susan E. Engel**
1.202.637.3309
Susan.Engel@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh* |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 22, 2021

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
U.S. District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

RE:     *In re FuboTV Inc. Securities Litigation*, No. 1:21-cv-01412-ALC (S.D.N.Y.),
          Letter Motion for Leave to File Response to Dkt. No. 39

Dear Judge Carter:

Defendants fuboTV Inc. ("fuboTV"), David Gandler, Edgar M. Bronfman Jr., and Simone Nardi (collectively, "Defendants") respectfully request the Court consider this opposition to Plaintiff's December 17, 2021 request to submit supplemental authority (Dkt. No. 39, the "Letter") with respect to Defendants' Motion to Dismiss the Amended Class Action Complaint (Dkt. Nos. 33 and with the Memorandum in Support (Dkt. No. 34), "Defendants' Motion").[1]  Specifically, Defendants oppose Plaintiff's request because the "supplemental authority" Plaintiff submits is irrelevant.

In the Letter, Plaintiff asks this Court to consider *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 10 Civ. 3461 (PAC), 2021 WL 5826285 (S.D.N.Y. Dec. 8, 2021) ("*Goldman Sachs*"), arguing that it shows that a corrective disclosure need not be a mirror image of a prior misstatement.  But *Goldman Sachs* is a class certification decision relating to whether defendants had satisfied their burden of showing that statements about Goldman's conflict of interests had no "price maintenance" impact on Goldman's stock price as a matter of *fact*.  *Id.* at *1-3.  The decision has no apparent application to this Court's ruling on Defendants' Motion, which explains that Plaintiff has failed to satisfy his burden of alleging loss causation (and falsity and scienter) as a matter of law.

Further, Defendants have never argued that a corrective disclosure has to be a "mirror image" of a particular statement.  Rather, as Defendants explained, Mot. at 23-24, Plaintiff had to allege a "corrective" disclosure of previously concealed facts that caused fuboTV's stock price to decline.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342-43, 347 (2005).  Yet all Plaintiff

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Defendants' Motion.

LATHAM&WATKINS LLP

has alleged are short-sellers' subjective opinions and after-the-fact negative characterizations of already-public information. Mot. at 23-24; Reply in Support of Defendants' Motion (Dkt. No. 38, the "Reply) at 10. Plaintiff's cited short-seller reports are a far cry from the *Goldman Sachs* disclosures, which reported for the first time "hard evidence, including incriminatory emails and memoranda authored by Goldman employees," that Goldman employees "illegally advis[ed] clients to buy into [certain] CDOs," as well as the SEC's announcement of enforcement actions. *Goldman Sachs*, 2021 WL 5826285 at *9, 11.

In contrast, Plaintiff cites short-seller reports that did not reveal any previously undisclosed facts at all. Mot. at 23-24; Reply at 10. For example, and despite Plaintiff's unsupported claims otherwise, the fact that fuboTV users experienced supposedly "limited DVR space, un-skippable advertisements, and no black out capability" (Ltr. at 2) were, at a minimum, known to fuboTV's users long before they were discussed in the short-seller reports. And as Defendants previously explained, nothing in the short-seller reports said anything about fuboTV's collection of user data for targeted advertising. Reply at 3-4. Moreover, Plaintiff still does not explain how any of the negative opinions in the short-seller reports rendered any particular statement false or misleading. Instead, Plaintiff seems now to concede the statements challenged in the AC are nothing more than "broad, generic" and "generalized statements" "touting" fuboTV's business, Ltr. at 1-2, and therefore are not actionable as a matter of law. Mot. at 16; Reply at 5.

For these and the reasons explained in Defendants' Motion and Reply, Defendants ask this Court to dismiss the AC in its entirety with prejudice.

Sincerely,

/s/ *Susan E. Engel*
Susan E. Engel

cc: All counsel of record (via ECF)