Andrew B. Clubok
Direct Dial: 1.212.906.1272
andrew.clubok@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 5, 2023

**VIA ECF & EMAIL**

Honorable Andrew L. Carter, Jr.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: _In re fuboTV Inc. Securities Litigation_, No. 1:21-cv-01412(ALC)(JLC)

Dear Judge Carter:

We represent Defendants fuboTV Inc., David Gandler, Edgar M. Bronfman Jr., and Simone Nardi (collectively, "Defendants") in the above-captioned matter.  We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference ahead of moving to dismiss Lead Plaintiff Nordine Aamchoune's ("Plaintiff") Second Amended Complaint ("SAC"), which alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5.

On March 30, 2023, this Court issued a 30-page decision dismissing Plaintiff's prior complaint ("Amended Complaint" or "AC"), because (i) except for two sets of statements, Plaintiff relied on improper puzzle pleading, and (ii) for the remaining two sets of statements, Plaintiff failed to plead that either was false or misleading.  March 30, 2023 Opinion and Order (Dkt. No. 42, "Op.") at 22-29.  Citing the Circuit's "usual practice," the Court granted leave to amend.  _Id._ at 29.  But the SAC is plagued by the _exact_ same problems, in complete disregard of this Court's Order.  _See_ Ex. 1 (redline comparing AC to SAC).  Plaintiff repeats his puzzle pleading and relies on the same flawed allegations that this Court found insufficient to plead falsity.  The SAC also does nothing to address the other deficiencies Defendants identified in its motion to dismiss the AC (Dkt. No. 34, "MTD"), including Plaintiff's failure to plead falsity for any statement, as well as failing to plead facts to support the requisite elements of scienter and loss causation.

Plaintiff's SAC has no basis in law or fact and should be dismissed with prejudice for the following independent reasons.

**A.      The SAC Is an Improper Puzzle Pleading**

The Court dismissed all but two sets of statements in the AC because Plaintiff filed a puzzle pleading.  Op. at 22-24.  The AC purported to list the challenged statements in forty-four paragraphs, followed by a single paragraph identifying five alleged omissions.  _Id._ at 22.  Those

LATHAM&WATKINS LLP

forty-four paragraphs walked through nine months of SEC filings and investor calls, and many of them "include[d] long block quotes." *Id.* The SAC presents the same puzzle pleading. This time, Plaintiff *deletes* sixteen of the forty-four paragraphs and three of the five supposed omissions. SAC ¶¶ 36-66. But deletions do not address this Court's holding that the AC was *missing* explanations for why each challenged statement was allegedly misleading without a particular omitted fact. Op. at 23-24. On that score, Plaintiff merely adds two conclusory allegations that fuboTV failed to disclose "that it did not have the technical capability to harness its proprietary data," SAC ¶¶ 49, 55, but this does not come close to solving the puzzle. Plaintiff does not explain how this purported omission renders any statement misleading or offer any supporting factual allegations to connect the dots.

As the Court said before, "to meet the heightened pleading standard of the PSLRA and Rule 9(b), the plaintiff 'must do more than simply assert that a statement is false—[he] must demonstrate with specificity *why* that is so.'" Op. at 24 (emphasis added) (quoting *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 55, 571 (S.D.N.Y. 2014), *aff'd*, 605 F. App'x 62 (2d Cir. 2015)). That required Plaintiff to "specify *each statement* alleged to have been misleading," as well as "the reason or reasons why the statement is misleading." Op. at 23 (quoting 15 U.S.C. § 78u-4(b)(1)).

The SAC disregards the Court's Order and should be dismissed because it still "does not with any particularity attempt to connect the vast majority of the challenged statements with the alleged omitted material facts," Op. at 24. Defendants and the Court are still "left to guess which statements are 'materially false and misleading' and why." *Id.* at 23.

## B.     The SAC Fails to Plead Falsity

As with the AC, the SAC fails to plead falsity for any statements. Op. at 24-29. In its Order dismissing the AC, the Court held that only two sets of statements that appeared in the "Truth Begins to Emerge" section were not puzzle pled, *id.* at 23, but that Plaintiff failed to allege falsity for those statements. *Id.* at 24-29. In response to the Court's Order, the only change the SAC makes is to drop one set of statements. *See* Ex. 1 at p. 14, 30 (deleting AC ¶¶ 48, 108-09). But the SAC otherwise *repeats the same allegations* relating to the other set, namely, a statement in the 2019 Annual Report about leveraging data. SAC ¶¶ 38, 78. Indeed, the SAC continues to attempt to rely on CW #1, *id.* ¶¶ 25-26, 76-79, who the Court found unreliable because "although [they] attended . . . meetings where advertising was discussed, they were no longer at Fubo during the Class Period," and therefore their allegations did not support "contemporaneous falsity." Op. at 21-22. The SAC adds one new sentence about CW #1: "CW #1 participated in Fubo's contract meetings with content providers where the issue of Fubo's technical inability to target advertisements was discussed often, stating 'I remember a lot of conversation about this.'" SAC ¶ 76. But this additional sentence ignores the Court's ruling about *timing*—and "remember[ing]" conversations without disclosing the *content* of those conversations hardly supports falsity. Plaintiff's new sentence does not salvage the SAC, which still does not allege any statement was "false *at the time it was made.*" Op. at 19 (quoting *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d at 571).

Finally, the SAC ignores the additional deficiencies Defendants identified in the MTD, including that (i) the SAC fails to plead with particularity any material omitted fact, MTD at 10-

**LATHAM&WATKINS**LLP

14, (ii) the SAC does not connect any purported omission to a particular statement, *id.* at 14-15, and (iii) the challenged statements are puffery or otherwise not actionable as pled, *id.* at 15-19. The SAC should be dismissed with prejudice on falsity grounds.

### C.     The SAC Fails to Plead Any Inference of Scienter

For the same reasons Defendants explained in MTD, the SAC fails to establish the requisite "strong inference" of scienter—*i.e.*, an "intent to deceive, manipulate, or defraud"—as to *each* Defendant and *each* alleged misstatement. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007); 15 U.S.C. § 78u-4(b)(2); *see* MTD at 19-23.  In fact, the SAC fails to add any substantive scienter allegations,[1] instead doubling down on its group pleading by adding a conclusory allegation that "Defendants knew but failed to disclose that [fuboTV] had no way of leveraging its customer data."  SAC ¶ 122.  Plaintiff continues to fail to plead the requisite particularized facts showing either (i) "motive and opportunity to commit fraud" or (ii) "strong circumstantial evidence of conscious misbehavior or recklessness."  *ECA and Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

### D.     The SAC Fails to Plead Loss Causation

The SAC still fails to allege any "corrective" disclosure of a previously concealed "truth" that caused fuboTV's stock price to decline.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342-43, 347 (2005).  Instead, the SAC cites the same short-seller and analyst reports as the AC.  SAC ¶¶ 68-85*; see also* Ex. 1 at p. 25-29.  But courts in this Circuit routinely hold that "publications that merely characterize information already circulating in the public sphere in a negative way cannot prove loss causation."  *In re Arcimoto Inc., Sec. Litig.*, No. 21-CV-2143 (PKC), 2022 WL 17851834, at *6 (E.D.N.Y. Dec. 22, 2022); *see also In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010); *In re EHang Holdings Ltd. Sec. Litig.*, No. 21 CIV. 1392 (GBD), 2022 WL 17718546, at *12 (S.D.N.Y. Dec. 15, 2022).

Plaintiff's additional post-Class Period statements about wagering, SAC ¶¶ 90, 93-94, 96-101, could not have caused the stock drop that Plaintiff alleged caused his losses culminating on January 4, 2021, given that the statements occurred months and years later.  *See Lighthouse Fin. Group v. Royal Bank of Scotland Group, PLC*, 11 CIV. 398 (GBD), 2013 WL 4405538, at *10 (S.D.N.Y. Aug. 5, 2013) (a post-class period revelation "cannot be a corrective disclosure sufficient to establish loss causation").  Indeed, Plaintiff does not even allege that these statements revealed a "truth" that caused any stock drop at all.  *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005) (complaint must allege "the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security").

*             *             *

For these reasons, Defendants intend to move to dismiss the SAC and respectfully request a pre-motion conference to address this matter.  We are available at the Court's convenience.

---

[1] The "addition" in paragraph 123 is not new. *Compare* Ex. 1 at p. 37 *with id.* at p. 39.

June 5, 2023
Page 4

**LATHAM & WATKINS** LLP

Respectfully submitted,

/s/ Andrew B. Clubok
Andrew B. Clubok
of LATHAM & WATKINS LLP

*Counsel for Defendants*

cc:    All Counsel of Record (via ECF)