**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE FUBOTV INC. SECURITIES LITIGATION<br><br>. | Case No. 1:21-cv-01412 (ALC) (JLC)<br><br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br><br>**ORAL ARGUMENT REQUESTED** |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendants fuboTV Inc. ("fuboTV"), David Gandler, Edgar M. Bronfman, Jr., Simone Nardi (collectively, "Defendants") hereby request this Court take judicial notice of the following documents in support of their Motion to Dismiss Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss").[1]

- Exhibit A – Excerpts of FaceBank Group, Inc.'s Form 10-K for the period ended December 31, 2019, filed with the United States Securities and Exchange Commission (the "SEC") on May 29, 2020.

- Exhibit B – Excerpts of fuboTV Inc.'s Amendment No. 3 to Form S-1, Registration Statement, filed with the SEC on October 5, 2020.

- Exhibit C – Press release entitled, "fuboTV Acquires Balto Sports as First Step Into Online Sports Wagering Market," dated December 1, 2020.

- Exhibit D – Wedbush Securities report entitled, "fuboTV (FUBO) Initiating with OP, $40 PT, 'Sports-First' Positions Co to Capture Cord-Cutters," dated December 15, 2020.

- Exhibit E – Yahoo! Finance Historical Data page for May 20, 2020 to April 1, 2021 for fuboTV Inc. (FUBO), *available at* https://finance.yahoo.com/quote/FUBO/history?p=FUBO, last accessed July 31, 2023.

- Exhibit F – Needham report entitled, "Raising FUBO's PT on 2021 Upside Drivers," dated December 22, 2020.

- Exhibit G – Kerrisdale Capital report entitled, "fuboTV Inc. (FUBO) Requiem for a Stream," dated December 30, 2020.

- Exhibit H – BMO Capital Markets report entitled, "Downgrade to Market Perform Despite Higher Target," dated December 22, 2020.

- Exhibit I – Lightshed Partners report entitled, "Initiating FUBO with Sell Rating and $8 Target Price," dated December 23, 2020.

- Exhibit J – Press release entitled, "fuboTV Announces Q3 2020 Results," dated November 10, 2020.

---

[1] Exhibits A-M are attached to the concurrently filed Declaration of Kathryn K. George in Support of the Motion to Dismiss.

1

- Exhibit K – Transcript of the Q3 2020 earnings call for fuboTV Inc., held on November 10, 2020.

- Exhibit L - Excerpts of fuboTV Inc.'s Form 10-K for the period ended December 31, 2020, filed with the SEC on March 25, 2021.

- Exhibit M - Excerpts of fuboTV Inc.'s Form 10-K for the period ended December 31, 2021, filed with the SEC on March 1, 2022.

As this Court explained, in its March 30, 2023 Opinion and Order (Dkt. No. 42, "Op.") at 16, the Court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit" of which a court may take judicial notice. *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 470 (S.D.N.Y. 2010) (quoting *ATSI Commc'ns*, 493 F.3d 87, 98 (2d Cir. 2007)); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); 5B Wright & Miller § 1357 (3d ed.2004 and Supp.2007).

In addition, "Federal Rule of Evidence 201 authorizes a court to 'judicially notice a fact that is not subject to reasonable dispute . . . at any stage in the proceeding,' including on a motion to dismiss." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (citation omitted)); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (concluding "matters judicially noticed by the District Court are not considered matters outside of the pleadings" and do not convert a motion to dismiss into one for summary judgment). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

For the reasons set forth below, Defendants respectfully submit that each of the Exhibits identified above are incorporated by reference and/or subject to judicial notice and should be considered by the Court in adjudicating Defendants' Motion to Dismiss.

2

*First*, Exhibits A-C, G, I-K all are incorporated by reference in the Second Amended Complaint ("SAC"). *See* SAC ¶¶ 30, 32, 35, 37-38, 44, 50, 54, 56-57, 59, 63, 68, 74-75, 78, 80; Op. at 16. The SAC cites to and quotes from these Exhibits A-C, G, I-K extensively and these documents form the basis of Plaintiff's allegations. They therefore are incorporated by reference in the SAC and appropriately considered by this Court in deciding Defendants' Motion to Dismiss. *See id.*; *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012) ("The Complaint refers to and quotes from the Letter of Intent, thus incorporating it."). Further, these types of SEC filings, press releases, and other documents publicly available from fuboTV's public website, the SEC's public website, or reliable webpages are also subject to judicial notice. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Pursuant to Rule 201, courts have considered newspaper articles, documents publicly filed with the SEC or FINRA, documents filed with a Secretary of State, documents filed with governmental entities and available on their official websites, and information publicly announced on certain non-governmental websites, such as a party's official website."). These documents are not subject to reasonable dispute, Fed. R. Evid. 201(b), and Plaintiffs did not object to these same documents when fuboTV previously requested judicial notice of them, Dkt. Nos. 34-1, 37. The Court correctly applied these principles in taking judicial notice of Excerpts of fuboTV Inc.'s Amendment No. 3 to Form S-1, Registration Statement, filed with the SEC on October 5, 2020 when granting Defendants' Motion to Dismiss the Amended Complaint. Op. 27-28 (citing Dkt. No. 35, George Decl. Ex. L at 14).

*Second*, Exhibit E, the historical data of fuboTV's stock price, is subject to judicial notice. *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 248 n.11 (S.D.N.Y. 2019) (quoting *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n 8 (2d Cir. 2000)) ("[A] district court may take

judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment.").

*Third*, Exhibits D, F-I (five analyst reports), are subject to judicial notice because on a motion to dismiss the Court may "take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents." *Staehr*, 547 F.3d at 424-25.  Defendants do not ask the Court to consider the contents of Exhibits D, F-I as true, but rather to take judicial notice of the fact that the analyst coverage of fuboTV included a positive outlook, with at least some analysts increasing their price target, at the same time that short sellers and other analysts issued reports on which Plaintiff relies that had a negative outlook.  *See id.* (court did not abuse its discretion when it took judicial notice of media reports that "were offered to show that certain things were said in the press"); *see also Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 10 n.5 (2d Cir. 2020) (taking judicial notice of an analyst report at the motion to dismiss stage).  The fact of this analyst coverage is not subject to reasonable dispute.  Fed. R. Evid. 201(d).

*Fourth*, Exhibits L and M (two Form 10-Ks filed with the SEC) are subject to judicial notice because they are documents whose contents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2); *see* Op. at 16; *id.* at 27-28 (taking judicial notice of a document fuboTV filed with the SEC); *Wells Fargo Bank*, 127 F. Supp. 3d at 166 ("Pursuant to Rule 201, courts have considered . . . documents publicly filed with the SEC or FINRA . . . .").

Dated: August 1, 2023
      New York, NY

Respectfully Submitted,

**LATHAM & WATKINS LLP**

<u>/s/ Andrew B. Clubok</u>
Andrew B. Clubok
Susan E. Engel
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: andrew.clubok@lw.com
      susan.engel@lw.com

Nicholas J. Siciliano (*pro hac vice*)
Kathryn K. George (*pro hac vice*)
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: nicholas.siciliano@lw.com
      kathryn.george@lw.com

*Attorneys for Defendants*