**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FUBOTV INC. SECURITIES LITIGATION | Case No. 1:21-CV-01412 (ALC) (JLC)<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

## INTRODUCTION

Lead Plaintiff, Nordine Aamchoune ("Plaintiff"), respectfully submits this Memorandum of Law in Opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Second Amended Class Action Complaint Pursuant to Rule 12(b)(6) filed by defendants FuboTV Inc. ("Fubo" or the "Company"), David Gandler, Edgar M. Bronfman, Jr., Simone Nardi ("Individual Defendants," and collectively with Fubo, the "Defendants"). *See* ECF No. 52-1.

On a motion to dismiss, Defendants are limited to the facts alleged in the Second Amended Class Action Complaint ("SAC"), with limited exceptions. Despite this well-established rule, Defendants request that the Court take judicial notice of documents for facts far beyond those allowable at this stage, including documents that are not referenced in the SAC, and for purposes beyond those permitted by the Federal Rules of Evidence. Defendants attempt to present Exhibits D, E, F, and H (ECF Nos. 53-4, 55-5, 55-6, and 55-8) — three analyst reports and historical stock data from a non-party website — to provide factual support for their defenses and to factually counter the SAC's well-pled allegations. Because Defendants' version of the facts is not appropriately considered by the Court in connection with a motion to dismiss, the Court should deny Defendants' request to judicially notice Exhibits D, E, F, and H for that purpose.

## ARGUMENT

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). It is well established law in the Second Circuit that, on a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *See, e.g., Roth v.*

*Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Specifically, a motion to dismiss may only draw on the complaint's allegations, documents the complaint attaches or incorporates by reference, or documents "upon which the complaint solely relies and which [are] integral to the complaint." *Id.* (internal citations and quotations omitted). The court may also consider "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013) ("*Kinross Gold Corp.*") (internal citations and quotations omitted). Outside of these categories, it is generally not appropriate to consider information or documents extrinsic to the complaint. *Id.*

Exhibits D, E, F, and H are not a part of Plaintiff's SAC, nor were they cited or referenced in the Plaintiff's SAC. Courts in the Second Circuit will only consider analyst reports at the motion to dismiss stage only for the "fact of their publication," not for the truth of the matters reported on. *Kinross Gold Corp.*, 957 F. Supp. 2d at 289. But Defendants cite to these reports for precisely that – the truth of the matters reported. *See* e.g., Def. Br. at 11, where they cite to Ex. D to argue that "positive predictions about fuboTV" were published by certain analysts and therefore "competing views about a company do not amount to securities fraud." Similarly, Defendants claim the analysts' reports demonstrate a "tug of war" which affected Fubo's stock price Def. Br. at 4-5, thus contradicting Plaintiff's claims that the price dropped when the truth was introduced to the market by the Kerrisdale and Lightshed Reports.

Because Defendants seek judicial notice to support their version of the facts and to disprove Plaintiff's claims, the Court should decline to take judicially notice them for this purpose. *See Kinross Gold Corp.*, 957 F. Supp. 2d at 288 (inappropriate for court to take judicial notice of purported fact "that there were industry-wide increase in costs in the mining industry, and that

these cost increases caused numerous mining companies to delay large development projects in or around 2011," because it is not a fact "generally known" within the court's jurisdiction).

Courts routinely reject such attempts by Defendants to raise defenses by introducing new factual matters that are outside of Plaintiff's complaint. *See, e.g., Levine v. AtriCure, Inc.*, 594 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (holding that defendants' attempted introduction of Wall Street Journal article was improper to show negative causation on motion to dismiss); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 573 (S.D.N.Y. 2009) (denying defendants' request for judicial notice of facts in report supporting negative causation defense because facts outside the complaint should not be considered at the motion to dismiss stage); *In re Turbodyne Techs., Inc. Sec. Litig.*, No. 99-cv-00697, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000) (declining to take judicial notice of analyst report that was outside the complaint despite the fact that plaintiffs otherwise relied on three other analyst reports).

## <u>CONCLUSION</u>

For the aforementioned reasons, Defendants' request for judicial notice for the truth of the matters asserted in the reports should be denied.

Dated: September 14, 2023

**LOWEY DANNENBERG, P.C.**

<u>/s/David Harrison</u>
David C. Harrison
Scott V. Papp
Andrea Farah
Radhika Gupta
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
dharrison@lowey.com
spapp@lowey.com
afarah@lowey.com
rgupta@lowey.com

Anthony M. Christina (*pro hac vice*)
One Tower Bridge

3

100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Email: achristina@lowey.com

*Counsel for Lead Plaintiff Nordine Aamchoune and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

4