**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE FUBOTV INC. SECURITIES LITIGATION<br><br>. | Case No. 1:21-cv-01412 (ALC) (JLC)<br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**INTRODUCTION**

Plaintiff does not challenge Defendants' Request for Judicial Notice ("RJN") as to Exhibits A-C, G, and I-M, nor does he disagree with Defendants that Exhibits A-C, G, and I-K all are incorporated by reference. His silence concedes that these Exhibits are properly subject to judicial notice and/or incorporated by reference. *See In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (arguments not addressed in opposition brief are conceded). In his Opposition ("RJN Opp."), Plaintiff challenges only Defendants' request for judicial notice of Exhibits D, E, F, and H—three analyst reports publishing a positive outlook on fuboTV's business and data showing the historical stock price of fuboTV.

But Plaintiff challenges arguments Defendants did not make: Defendants are not arguing that these Exhibits are incorporated by reference, RJN Opp. at 2-3, that these Exhibits "provide factual support for their defenses and … factually counter" any of the SAC's allegations, *id.* at 1, or that the Court should consider these Exhibits "for the truth of the matters reported " *id.* at 2-3. As for the analyst reports, Defendants explicitly explained in requesting judicial notice, rather than seeking to incorporate these documents by reference: "Defendants do not ask the Court to consider the contents of Exhibits [D, F, and H] as true, but rather to take judicial notice of the fact that the analyst coverage of fuboTV included a positive outlook, with at least some analysts increasing their price target, at the same time that short sellers issued reports on which Plaintiff relies that had a negative outlook." RJN at 4. And as for the historical stock price, Plaintiff provides *no* argument as to why the Court should not take judicial notice, much less address the binding Second Circuit precedent that permits this Court to take judicial notice of the historical data of fuboTV's stock price. The Court should grant Defendants' Request for Judicial Notice.

**ARGUMENT**

**Exhibits D, F, H (analyst reports)**.  A Court may "take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information without regard to the truth of their contents."  RJN at 4; *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (court did not abuse its discretion when it took judicial notice of media reports that "were offered to show that certain things were said in the press").  And that is all that Defendants ask for here, as Defendants explained in their RJN.  RJN at 4.

To start, Plaintiff seemingly concedes that the Court should consider these reports in its decision, as he cites and relies on D and F in the Opposition.  Opp. at 12 (discussing Exs. D and F and noting "shares leaped up to $62 after the release of a Needham report"); *Id.* (discussing Ex. D's "model[ing] the growth rate from advertising revenue").  *Id.*

Despite this, Plaintiff opposes Defendants' RJN and argues that Defendants seek judicial notice of the "truth of the matters reported" in the analyst reports.  RJN Opp. at 2.  But Defendants do not cite these Exhibits to prove the truth of any of the positive opinions contained therein were true.  For instance, fuboTV does not cite Exhibit D to prove that fuboTV will "continue to entice payTV subscribers to cut the cord and join its vMVPD platform," George Decl. Ex. D at 1, or Exhibit F to prove that "FUBO will continue to have strong upside momentum" going into the following year or that fuboTV was "taking share from competitors" and had "upside from sports betting."  Ex. F at 1.  Rather, Defendants cite these Exhibits solely for the fact of the publication of positive analyst coverage before the publication of the short-seller reports that Plaintiff relies on—reports which, contrary to the Wedbush and Needham analyst reports, had a negative outlook on fuboTV's business and future prospects.  Mot. at 4, 10; RJN at 4.  The fact of the publication of positive analyst coverage is properly subject to judicial notice.  *Staehr*, 547 F.3d at 424-25 (court

3

did not abuse its discretion when it took judicial notice of media reports that "were offered to show that certain things were said in the press").

Nor are Defendants relying on these Exhibits for any loss causation argument. RJN Opp. at 2. Defendants' loss causation argument directly addresses Plaintiff's alleged corrective disclosures in the *Kerrisdale* and *Lightshed* reports, explaining that the negative characterizations of previously disclosed facts in these reports are not corrective disclosures. Mot. at 22 (citing *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010)). To be sure, Defendants noted that bullish and bearish analysts engaged in a tug of war, pushing the stock price up (*i.e.*, the Wedbush and Needham reports) and then down (*i.e.*, Plaintiff's short seller reports). But Defendants need not rely on the Wedbush, Needham, and BMO reports for those facts. *Plaintiff's own short-seller reports*—which post-date the Wedbush, Needham, and BMO reports—establish not only the up and down of the stock price, but also the competing views about fuboTV known to the market. *See* George Decl. Ex. G at 1 (discussing fuboTV's "recent retracement from truly nosebleed levels"), *id.* at 7 (discussing (and countering) the "bulls" positive outlook on fuboTV); Ex. I at 1 (criticizing "the run-up in Fubo shares"), *id.* at 3 (discussing (and countering) "the bull story" on fuboTV's revenue outlook). Plaintiff has conceded (by not opposing) that the *Kerrisdale* and *Lightshed* reports—Exhibits G and I—are incorporated by reference.

Plaintiff's reliance on *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, is misplaced as the defendant there sought judicial notice "in support of its argument that it had not acted with recklessness or fraudulent intent"—*i.e.*, that it had not acted with scienter—and explicitly asked the court to take judicial notice of the truth of the matters asserted therein. 957 F. Supp. 2d 277, 286-87 (S.D.N.Y. 2013). Defendants do not seek to use Exhibits D, F, H in support of any defense or for the truth of the matters asserted therein. *See supra*. Similarly, because Defendants do not

rely on these Exhibits for a negative causation argument, Plaintiff's cited cases *Levine v. AtriCure, Inc.*, 594 F. Supp. 2d 471, 476 (S.D.N.Y. 2009), and *In re Giant Interactive Grp., Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 573 (S.D.N.Y. 2009), are inapposite.  Plaintiff's 20-year-old, out of circuit case *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000), does not move the needle either: it has never been cited by any court in the Second Circuit and is directly contrary to binding authority.  *Staehr*, 547 F.3d at 424-25.

**Exhibit E (stock price)**.  Plaintiff does not argue the Court should not take judicial notice of Exhibit E, instead simply noting it is "not part of Plaintiff's SAC, nor [was it] cited or referenced in the Plaintiff's SAC."  RJN Op. at 2.  Nor does Plaintiff grapple with binding Second Circuit precedent that allows a district court to "take judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment."  RJN at 3-4 (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n 8 (2d Cir. 2000)).  And perhaps most telling, Plaintiff himself relies on this exact exhibit in his Opposition.  Opp. at 17 (citing Ex. E for "skyrocketing price").

**CONCLUSION**

The Court should grant Defendants' Request for Judicial Notice.

5

Dated: October 5, 2023
      New York, NY

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ Andrew B. Clubok
Andrew B. Clubok
Susan E. Engel
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: andrew.clubok@lw.com
      susan.engel@lw.com

Nicholas J. Siciliano (*pro hac vice*)
Kathryn K. George (*pro hac vice*)
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: nicholas.siciliano@lw.com
      kathryn.george@lw.com

*Attorneys for Defendants*